IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Victor Nicholas Wakefield, | ) | Case No. 1:17-cr-133 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(2), filed on November 28, 2023. See Doc. No. 588. The Government filed a response in opposition to the motion on December 20, 2023. See Doc. No. 592. For the reasons set forth below, the motion is denied.

**I.     BACKGROUND**

On June 7, 2017, the Defendant was charged in a multi-count indictment alleging narcotic offenses. See Doc. No. 1. On February 6, 2018, Wakefield pled guilty to a drug trafficking offense in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. See Doc. No. 137.

The Presentence Investigation Report calculated a total offense level of 35 with a criminal history category of VI, resulting in an advisory Guideline Sentencing range of 292 to 365 months. See Doc. No. 183, ¶¶ 33 and 54. The Defendants criminal history resulted in a criminal history score of 8. Because he committed the instant offense while under a criminal justice sentence, another 2 points were added under U.S.S.G. § 4A1.1(d). See Doc. No. 183, ¶ 53. Therefore he had a total of 10 criminal history points, which placed him in criminal history category V. See Doc. No. 183 ¶ 53. However, the Defendant qualified as a career offender, placing him in criminal history category VI.

1

See Doc. No. 183 ¶ 54; USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").

At sentencing on July 28, 2020, the Court adopted the Presentence Investigation Report. However, guided by the plea agreement, the Court found a two-level adjustment for maintaining a drug premises under U.S.S.G. § 2D1.1(b)(12) and a two-level adjustment for aggravating role under U.S.S.G. § 3B1.1 did not apply. These findings resulted in a total offense level of 31 rather than 35. With a criminal history category VI, the resulting Sentencing Guideline range was 188 to 235 months. See Doc. 498. After determining a downward variance was appropriate, the Court sentenced Wakefield to 144-months of imprisonment. See Doc. No. 497.

On November 28, 2023, the Defendant filed a *pro se* motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 contending his Sentencing Guideline range was lowered by Part A of Amendment 821 and thus he should receive a sentence reduction. See Doc. No. 588. The Government filed a response in opposition to the motion contending Amendment 821 did not alter the Defendant's Sentencing Guideline range and thus no sentence reduction is warranted. See Doc. No. 592. The Defendant is serving his sentence at FCI Lewisburg in Lewisburg, Pennsylvania. He has a presumptive release date of July 21, 2030.

II.   **LEGAL DISCUSSION**

Under the federal sentencing scheme, sentence modifications are available under very limited circumstances. One circumstance in which a sentence reduction is permitted is when the applicable Sentencing Guideline range has been lowered by the Sentencing Commission and it makes the amendment retroactive. See 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) of Title 18 of the United States Code provides as follows:

2

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable Sentencing Commission policy statement provides as follows:

(a) AUTHORITY.--

   (1) IN GENERAL.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

   (2) EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

      (A) none of the amendments listed in subsection (d) is applicable to the defendant; or

      (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

   (3) LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.--

   (1) IN GENERAL--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was

       sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

    (2)    LIMITATION AND PROHIBITION ON EXTENT OF REDUCTION.--

        (A)    LIMITATION.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

        (B)    EXCEPTION FOR SUBSTANTIAL ASSISTANCE.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

        (C)    PROHIBITION.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c)    CASES INVOLVING MANDATORY MINIMUM SENTENCES AND SUBSTANTIAL ASSISTANCE.--If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

(d)    COVERED AMENDMENTS.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

(e)    SPECIAL INSTRUCTIONS.--

> (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.
>
> (2) The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.

U.S.S.G. 1B1.10.

In *Dillon v. United States*, the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. 560 U.S. 817 (2010). The Supreme Court instructed that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission" and Section 1B1.10 instructs the district court to "substitute the amended Guidelines range while leav[ing] all other guideline application decisions unaffected." Id. at 821 (internal quotations omitted). The Supreme Court set forth a two-step approach to apply:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions
> unaffected." § 1B1.10(b)(1).
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Dillon, 560 U.S. at 827

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines took effect, pursuant to the Sentencing Commission's authority under 28 U.S.C. § 994(o). The amendment applies retroactively. Amendment 821 has three parts and several subparts: Part A pertains to "Status Points;" Part B pertains to "Zero-Point Offenders;" and Part C pertains to "Simple Possession of Marihuana Offenses."

In Part A to Amendment 821 to the United States Sentencing Guidelines, the United States Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Previously, the "status point" provision appeared in U.S.S.G. § 4A1.1(d) which added 2 points if the defendant "committed the instant offense while under any criminal justice sentence[.]" The amended provision states as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). A person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point instead of 2, while a person who otherwise has 6 criminal history points or less receives no status points.

There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon, 560 U.S. at 827-28 (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present

at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

In this case, the Defendant had 8 criminal history points before U.S.S.G. § 4A1.1(d) added 2 status points for a total of 10 criminal history points. The 2 points were added because he was on probation at the time of the instant offense. Applying Amendment 821, the Defendant would receive 1 status point instead of 2, resulting in a total of 9 criminal history points. A Defendant with 9 criminal history points falls with in criminal history category IV. At offense level 31, this would result in an advisory Sentencing Guideline range of 151-188 months.

However, the Defendant qualified as a career offender which placed him in criminal history category VI irrespective of the number of scorable criminal history points. See U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."). The result was an advisory Sentencing Guideline range of 188 - 235 months. In any case, the Court granted a downward variance and sentenced the Defendant to 144-months which is below either Sentencing Guideline range. Thus, a further reduction is not available under Amendment 821 and the applicable policy statement which calls for a sentence within the amended Sentencing Guideline range. See U.S.S.G. § 1B1.10(b)(2)(A). Having determined the Defendant is not eligible for a sentence reduction, the Court need not address the Section 3553(a) factors.

The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate he is entitled to a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III. CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 588) is

**DENIED**.

**IT IS SO ORDERED**.

Dated this 6th day of May, 2024.

>  */s/ Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court